UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gerald Russell Gaines, | ) | Civil Action No.: 4:15-cv-03992-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Gerald Russell Gaines, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 15. The Magistrate Judge recommends the Court dismiss this case with prejudice under Federal Rule of Civil Procedure 41(b) because Petitioner has failed to prosecute the case and has failed to comply with court orders. R & R at 2.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See*

*Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).  After a thorough review of the record in this case, the Court finds no clear error.

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  In the instant case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 15] of the Magistrate Judge.  **IT IS THEREFORE ORDERED** that this case is **DISMISSED WITH PREJUDICE** for failure to prosecute and for failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b), and that Respondent's motion for summary judgment [ECF No. 11] is **DENIED AS MOOT.  IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 23, 2016  R. Bryan Harwell
 United States District Judge